JAMES D. HILL *v.* PASCALIS LABARRE et al.

The first section of the Act of the Legislature of 1855 (Session Acts, 477) merely prescribes the form of the writ of *fieri facias;* the second section of that Act prescribes the period within which the writ may be returnable. *Held :* That when the writ was returnable on a fixed day, which was not less than thirty nor more than seventy days, it was not informal. *Held*, also, that the Sheriff's return, containing no mention of a call on the plaintiff to point out property, was clearly defective, and could not be made the legal basis of a proceeding for a surrender.

The default of the Sheriff being established, it was incumbent on him, in order to avoid liability for the amount of the writ, to show a legal excuse, and the plaintiff was not bound to prove that he had been damaged.

APPEAL from the District Court of Jefferson, *Burthe*, J.

*J. N. Brickell*, for plaintiff and appellant. *Purvis & Dugué*, for defendant.

HILL
*v.*
LABARRE.

VOORHIES, J. This is a rule on *Pascalis Labarre*, as Sheriff of the parish of Jefferson, to show cause why he should not be made liable for the full amount of an alias writ of *fieri facias*, directed to him from the Fourth District Court of New Orleans, in the suit of *Dick & Hill* v. *John P. Bemiss*, in consequence of his failure to return the same within the legal delay. His surety is also made a party defendant.

His answer is that there is no cause of action alleged by the plaintiff against him.

The writ was issued on the 18th of June, 1856, and made returnable on the fourth Monday of July following. The return thereon is as follows, to wit:

"Received June 18th, 1856. Made demand on defendant, who answered he had no money and no property in the parish. Returned 28th July, 1856.
JAS. C. WILSON, Deputy Sheriff."

The certificate of the Clerk of the 4th of September, 1856,. shows that up to that time the writ had not yet been returned to his office.

*James C. Wilson*, the only witness examined on behalf of the defendants, testifies that "the first writ was returned nothing done, *Mr. Bemiss* not being in the parish at the time. *Mr. Estlin*, attorney for plaintiff,. said he would issue an alias, and directed a demand to be made on *Bemiss*. *Mr. Estlin* said that he merely wanted a demand made on *Bemiss*, in order to force him to make a surrender under the new law of 1855. After the alias was placed in the Sheriff's hands he did not see *Mr. Estlin*. He had received instructions before the writ came in his hands. *Mr. Bemiss* resides in this parish. Saw *Mr. Bemiss* in the house he now occupies. Two years ago *Mr. Bienvenu*, Deputy Sheriff, was sent to the house of *Bemiss* to make a demand on the first *fi. fa.* The alias *fi. fa.* was returned into court *after the return day.*" He further testified that he had carefully examined the registers of the conveyance office, and was unable to find any property standing in the name of *John B. Bemiss*.

The defence rests on three grounds: "1. That the writ itself was not in the form prescribed by the statute. 2. That the attorney for plaintiff was well apprised of the insolvency of *Bemiss*, and that the money could not be made, and had declared that he only wanted a demand made on *Bemiss*. 3. That the plaintiff had shown no damage."

None of the grounds thus urged, under the state of facts presented, appear to us to be sufficient to justify the Sheriff in failing to make a formal return of the writ within the legal delay.

We think the Judge *a quo* erred in considering the first ground tenable. The first section of the Act of 1855 merely prescribes the form of a writ of execution or *fieri facias*, whereas the second section prescribes the period within which the writ may be made returnable, to wit: "in not less than thirty nor more than seventy days." Construed with reference to each other, and to the object to which each applies, the provisions contained in both sections appear to us to be perfectly consistent. Hence the writ was formal, as it was not made returnable "in less than thirty nor more than seventy days."

If the object of the plaintiff was as stated in the second ground, it is certain that the Sheriff's neglect to make a formal and seasonable return of the writ had the effect of defeating instead of promoting such object. Making no mention of a call on the plaintiff to point out property, the return was clearly de-

fective, and could not, therefore, have been made the legal basis of such a proceeding.

Neither was the plaintiff bound to allege or prove that he had been damaged. The default of the Sheriff being established, it was incumbent on him to show a legal excuse. See the case of *Brand* v. *Wilkinson*, 11 An. 273, and the authorities there quoted.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, that the rule herein taken be reinstated and made absolute, and that the defendants pay the costs of both courts.